## AMOS S. HILL *vs.* SCHOOL DISTRICT No. 2, *in* MILL-BURN.

In an action against a school district for the price of a school-house, alleged to have been built in pursuance of a contract with a committee of the district, the members of the committee, inhabitants of the district, are competent witnesses for the defendants.

In an action at law, when the question is, whether a party has performed a contract, requiring performance to be made by a fixed day, the Court cannot say, that the time of performance is immaterial.

Where the party contracts to build a house in a particular manner, a substantial compliance is not sufficient. It must be completed according to the contract.

Where one contracts to build a school-house in a particular manner, to the acceptance of a district committee, on land belonging to the district, and erects one thereon, which is not built according to the contract; and where the committee did not unreasonably refuse to accept it, and there was no express or implied acceptance; and where the district derived no benefit from the building; he cannot recover of the district the value of his materials.

The power given to a committee of a school district to build a school-house, gives by implication such a control of the land, and materials, and work, as to authorize them to give notice to the contractor to remove a building placed thereon by him, but not built according to the contract.

If there were defects in the earlier stages of the work in erecting the building, and the committee had waived those defects, yet the contractor would not be entitled to recover, unless the subsequent parts of the work had either been made conformable to the contract, or had been accepted.

After the committee had pointed out defects, and notified the contractor, that the house would not be accepted unless those defects should be remedied, and the contractor had replied, that he should do the work as he pleased, and did not wish for their adjudication or interference until the work was done, no implication can arise from the silence of the committee, that their notice was withdrawn, or these defects waived.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

This was an action of assumpsit on a written contract, dated *Sept.* 5, 1835, entered into between the plaintiff and a committee of the district, who were inhabitants thereof, by which the plaintiff undertook to build a school-house for the defendants in a particular manner therein specified, to be completed by *November* 1, 1835. It was admitted, that the committee were duly chosen and author-

ized to make said contract and superintend the building. The plaintiff introduced many witnesses whose testimony tended to prove that the plaintiff had built the house according to the contract. The defendants introduced many witnesses whose testimony tended to prove that the house had not been built according to the contract. The committee men were offered by the defendants as witnesses. They were objected to by the plaintiff on the ground of interest. The objection was overruled, and they were admitted to testify. On the question whether the committee had accepted the house, there was much testimony. It was in evidence that they objected to the want of sufficient depth and width in the trenches dug for laying the foundations; to the materials with which the trenches were filled; the quality of the underpinning rocks, the bricks, and the foundation of the chimney; but that notwithstanding these objections, the committee permitted the work to progress, frequently complaining of some new deficiences in the materials or workmanship as the parts of the building were successively advancing; but according to their own testimony, they did not fully decide to reject the building, until the underpinning was completed, the chimney built, the roof shingled, and the clapboarding nearly finished. The committee testified, that on that occasion, that notwithstanding the defects they before discovered, they went to the house to see the progress made in the work, desirous to accept it, and to have the house completed, if it would answer the purpose; but finding that the defects in the materials and workmanship were such as to render it impracticable to have the house made in conformity to the contract, they then and there decided, that they should never accept the house, and thereof notified *George Moody*, the plaintiff's principal joiner, and *Randall Hill*, the plaintiff's son, the only persons then employed at work on the building, the plaintiff being absent, and further informed them, that if the plaintiff advanced any further in the work, he must do it at his own expense, and that the district would never pay. It did not appear that the committee on that occasion pointed out any new defects not before discovered by them. *Moody* and *Randall* testified, that they had no recollection of such rejection of the building, or of such a notice from the committee; and that they never communicated to the plaintiff such notice. The committee

further testified, that they afterwards called separately at the house, prompted by curiosity to see how the work progressed. That they however took no control or supervision in the thing ; but that when appealed to occasionally by the workmen as to particular parts of the materials then being worked up, they replied, that the house would not be accepted; and that they took no agency in the business. It was however testified by some of the defendants' witnesses, as well as by some of the plaintiff's, that the committee continued to visit the house, and examine it, and act as committee men up to the completion of the building. The committee testified, that about the 18th of *November,* 1835, they were applied to by the plaintiff to examine and accept the building ; that they thought it their duty to go and meet the plaintiff at the house, though they had never rescinded their former decision ; and were fully resolved not to accept the house ; that they met the plaintiff at the house, and without any further examination informed him, that they should not accept the house. The glass was not then set, and the painting was not finished ; the painter was there at work, and the plaintiff informed the committee that he should immediately set the glass. They replied, that the want of the glass made no difference. It did not appear that they made any objection to the time of the job being finished. Prior to the day when the committee decided to reject the house, and notified *Moody* and *Randall*, thereof as aforesaid, there had been frequent interviews between the plaintiff and the committee ; that they had frequently apprized him of defects in the work, and notified him that the house would not be accepted, unless these defects should be remedied. The plaintiff replied, that he should do the work as he pleased, should make a good house, and did not wish their adjudication or interference till the work was done. But notwithstanding said objections, the plaintiff not having been forbidden by the committee, but with their knowledge proceeded in the work up to the time of the rejection aforesaid, some of the committee assisting to frame and raise the building after knowing the alleged defects in the foundation works. The house was built upon the defendants' land at the spot designated therefor by the committee ; but the district as such never accepted or used the building. In the season of 1836, the committee built another school-house on the same lot, and within

two or three rods of the building now in controversy; and it is that new school-house which the district have used ever since. It was not proved that any inhabitant of the district, except the plaintiff, had ever done any act from which an acceptance by the district could be inferred. The committee at said interview, on said 18th of *November*, notified the plaintiff to remove the building from the ground, but they had no other authority for so doing, than what resulted from their appointment as aforesaid, to procure and superintend the erection of a school-house. The plaintiff offered to prove, that the house which he built was composed of as good materials and workmanship as those put by the district into their new house; and that the house he built was in all respects as good a house as that built by the district. This evidence was objected to by the defendants' counsel, and was ruled by the Court to be inadmissible. The plaintiff's counsel insisted, that if the house was done according to the contract in every thing except as to time, he was entitled to recover the contract price, no objection as to time having been made by the committee, that it was a distinct contract on the part of the district; and they were bound to pay *when* it was done; that if the house was not done strictly according to the contract, but was done substantially according to its requirements, he was entitled to recover the contract price; that if there was a material failure of complying with the contract, yet if the labor and materials were of any value, he was entitled to recover what the labor and materials were worth according to the sum he was to receive for doing the job pursuant to the contract; that if he had failed of fulfilling his contract, yet if the committee were on the ground, and suffered the work to proceed, although they had made complaints, that this was an acceptance of the work piece by piece, and although they refused to accept when the whole was done, the plaintiff was entitled to recover; that if the committee unreasonably refused to accept the work at the end, the plaintiff was entitled to recover. The Judge instructed the jury to ascertain, first, whether the plaintiff had built the house according to the contract; that if he had not so done both as to materials, workmanship and time, he could *not recover the contract price*, unless the defendants had waived the time, of which the jury would judge from the evidence; — that if the work had all been done according to the

contract, and the committee had unreasonably refused to accept it, the plaintiff was entitled to recover the contract price ; and unless the contract was fully performed, their refusal to accept would not be unreasonable ; that if the job had not been so done, as to workmanship and materials, as to conform to the contract, the plaintiff could recover nothing in this action, unless there had been some express or implied acceptance, or unless there had been some benefit to the defendants from the plaintiff's labor and materials ; — that the erection of the house, though upon the defendants' land, was not such a benefit to the defendants, as to enable the plaintiff to recover, if the house had never been used and was rendered unnecessary as a school-house, by reason of the new house being built by the district, the Judge considering that the property of the building under such circumstances would be in the plaintiff; that if the committee had discovered defects from time to time as the work progressed, and threatened a rejection of the house on that account, it was still competent for them to waive those objections; that if by their subsequent declarations or acts, they encouraged or induced the plaintiff to proceed in the work, under an expectation that he would be paid, those proceedings by the committee might be considered as waiving their objections, and held as acceptances of the preceding parts of the works ; that if the work though not in all respects done according to the contract, had been all accepted piece by piece, the plaintiff was entitled to recover such proportion of the contract price as the work done, bore to the work to be done pursuant to the contract; that if there were defects in the earlier stages of the work, and the committee had waived those defects, or accepted the parts to which such defects attached, yet the plaintiff would not be entitled to recover, unless the subsequent parts of the work had either been made conformable to contract, or had been accepted ; that if the plaintiff refused to allow the committee to examine the foundations and the work as it progressed and claimed that they should wait till he should declare the building completed, and if the committee in pursuance of said claim did so wait without deciding or acting upon any part of the work, the final rejection of the committee when called upon to decide, if made honestly and in good faith, would be binding on him, and the defendants would not be liable. The jury found a verdict

Hill *v.* School District No. 2, in Millburn.

for the defendants, and the plaintiff filed exceptions to the rulings, opinions and instructions of the Judge.

*Tenney* and *Bronson* argued for the plaintiff. The grounds taken by the counsel are stated in the opinion of the Court. Under the first, they cited 2 *Stark. Ev.* 768. Under the fourth, they cited *Van Ness* v. *Pacard*, 2 *Peters*, 143; 1 *Kent*, 279; *Hayward* v. *Leonard*, 7 *Pick.* 181; *Waterhouse* v. *Gibson*, 4 *Greenl.* 230; *Hayden* v. *Madison*, 7 *Greenl.* 76; *Abbott* v. *Hermon*, 7 *Greenl.* 118; *Norris* v. *School District No.* 1 *in Windsor*, 3 *Fairf.* 293; *Miller* v. *Plumb*, 6 *Cowen*, 665; *Holmes* v. *Remsen*, 20 *Johns.* 229. Under the fifth, they cited 2 *Phil. Ev.* 83; *Lawrence* v. *Dale*, 3 *Johns. Ch. R.* 23; *Jewell* v. *Schrappel*, 4 *Cow.* 564.

*Boutelle* and *Wells* argued for the defendants.

The inhabitants of a school dristrict are admissible witnesses by *stat.* 1821, *c.* 87. And are admissible independently of the statute. 2 *Stark. Ev.* 781, *note.*

The mode of building, quality of the materials, price, and time to be completed, were prescribed in the contract. Its meaning and force were well understood by the parties. The committee were the chosen men of both parties for the purpose of preventing dispute and litigation; and their decision, honestly and fairly made, would necessarily be final. *North Yarmouth* v. *Cumberland*, 6 *Greenl.* 21; *Mason* v. *Bridge*, 14 *Maine R.* 468.

The very agreement for building a school-house to the acceptance of the committee, implied the right of removal on non-acceptance.

They contended, that the finding of the jury, under the instructions, had settled the facts against the plaintiff, upon the supposed existence of which several of the objections urged for the plaintiff are founded. They commented upon the cases of *Abbott* v. *Hermon, Hayden* v. *Madison*, and *Norris* v. *Windsor School District,* and contended that they were clearly distinguishable from the present case; and cited *Knowlton* v. *Plantation No.* 4, 14 *Maine R.* 20.

The opinion of the court was drawn up by

SHEPLEY J.—It is insisted in the argument for the plaintiff, that the verdict ought to be set aside and a new trial granted: —

1. Because the committee chosen to build the house were admitted as witnesses for the defendants. The objection to them is not, that they were interested as members of the district, for that is removed by the provisions of the statute c. 87 ; but it is, that being agents of the district, if they have not acted faithfully, they are liable to the district and therefore interested. But a recovery in this case would not imply any fault on their part, and they do not therefore necessarily gain or lose by the result. And the verdict would not be evidence for or against them upon the trial of that question. They stand in this respect like town officers and agents, who have always been admitted as witnesses for their towns.

2. It is contended, that there was error in requiring the house to be finished within the time stipulated. There are cases, in which time is not regarded as of the essence of the contract, and equity will relieve against it. But in an action at law, when the question is, whether a party has performed a contract requiring that performance shall be made within a certain time, the Courts cannot say, that is immaterial, which the parties by their contract have made material. It is said, that the jury should have been instructed, that the testimony if believed, proved a waiver of the time. The Judge properly left it to the jury to consider whether there had been such a waiver proved, and if a more specific instruction was desired upon that point, it should have been requested.

3. It is said, the jury should have been instructed, that a substantial compliance was sufficient ; that nothing is perfect, and that trifling defects may always be found. It may be quite true, that no mechanical work is perfect. The question did not arise upon the perfection of the work, but upon performance agreeably to the contract ; and that, it is to be presumed, was practicable, and good faith required it.

4. That the jury should have been instructed, that if the plaintiff failed to fulfil his contract, he was entitled to recover for the value of the materials. The jury, under the instructions which were given, must have found, that the house was not built accord-

Hill *v.* School District No. 2, in Millburn.

ing to the contract, that the committee did not unreasonably refuse to accept it, that there was no express or implied acceptance, and that the defendants had derived no benefit from it. Upon such a state of facts it would be difficult to perceive upon what principles of law or justice, the defendants should be required to make up to the plaintiff any portion of the loss occasioned by his own neglect or misconduct. There can be no just ground, upon which the defendants can be called upon to pay, unless it be their duty to take the building or materials and make the best use or disposition of them in their power and account to the plaintiff. What right has the plaintiff to call upon them to assume such a responsibility and duty ? Are his faults to be made the occasion of imposing upon those, who are without fault, a task so undesirable ? It should at least be shown before they can be required to do this, that they have refused to permit the plaintiff to remove them. The parties having agreed in the contract, that the building might be erected on the defendants' land, it was not placed there by wrong, and it could not for that reason become their property. It is said, that where a building is placed upon the land of another, it becomes his property, unless the party building, on account of the relation in which the parties stand toward each other, such as landlord and tenant and the like, be entitled to remove it. But where such relation does not exist, if it be put on by consent, the mere fact of placing it there does not transfer the property ; some other act must take place to have that effect. It is true, that while a building is being constructed for another under a contract, it must be regarded as so far attached to the freehold, that it cannot be removed until the owner of the land by refusing to accept it disclaims the ownership, because the design is, that it should be built for his use ; and it is to be his upon condition, that he does not reject it on the ground, that it has not been built according to agreement. But when he does so reject it, his conditional title is terminated, especially when he has also directed it to be removed. It is said, that the committee had no authority to notify the plaintiff to remove the building. The power to build the house, gives by implication such a control of the land and materials and work, as to enable them at all times to reject and displace any materials wrought or unwrought, and

in any state of preparation ; and this power is not lessened or lost until the whole trust is executed, and their power thereby extinguished. The argument supposes, that the Judge instructed the jury, that the house could not be beneficial to the district, because another had been built. But the language used by him is not liable to such a construction. He instructs the jury, " that it was not such a benefit to the defendants, as to enable the plaintiff to recover, if the house had never been used and was rendered unnecessary as a school-house, by reason of the new house being built by the district," thereby submitting it to the jury to decide, whether for that and other reasons it was or not beneficial to the district.

5. The Judge instructed the jury, " that if there were defects in the earlier stages of the work, and the committee had waived those defects, or accepted the parts to which such defects attached, yet the plaintiff would not be entitled to recover, unless the subsequent parts of the work had either been made conformable to the contract, or had been accepted ;" and it is said, that in this there was error. And the argument is illustrated, by supposing a well to have been sunk and accepted to the top stones, and those to have been improperly and unfaithfully laid. In the supposed case, the parts faithfully and unfaithfully executed would not be so connected as to be incapable of separation and re-construction without an injury to, or a destruction of, the whole work. Such would not usually be the condition of the unfaithful construction of parts of a building. What value would there be in the well constructed parts of a building combined with other parts so badly constructed as to render the whole building unsuited to the purposes for which it was designed ? But if that argument be not satisfactorily answered, it is sufficient to justify the instructions, that if parts were accepted, it must be implied, that they were so only upon condition that the remaining parts should be built according to the contract.

6. It is said, that the notice to the workmen was insufficient. Admitting it to be so, the case states, that the committee had before pointed out defects, and " notified him, that the house would not be accepted, unless these defects should be remedied." And " the plaintiff replied, that he should do the work as he pleased, should make a good house, and did not wish their adjudication or interferance till the work was done." After such a notice to them no im-

plication could arise from their silence, that their notice was withdrawn, or that his acts were approved; and he cannot reasonably complain of their neglecting to give him any further notice until they were called upon to accept the house.

In the case of *Norris* v. *School District in Windsor*, 3 *Fairf.* 293, the work had proceeded under the eyes of the committee without objection except by one, who was not regarded as authorized to speak for them. And such conduct was considered as equivalent to an acquiescence, from which the jury might infer a promise to pay.

In the case of *Knowlton* v. *Plantation No. 4*, 14 *Maine R.* 20, the cases of *Hayden* v. *Madison*, and of *Abbott* v. *Hermon*, are commented upon, and fully distinguished from such a case as the present.

*Judgment on the verdict.*