Tascott v. Rosenthal.

## JAMES B. TASCOTT ET AL.

### v.

## HENRY ROSENTHAL ET AL.

1.  CONTRACT OF SALE—TIME OF DELIVERY—BREACH.—Where a purchaser gave the seller an order for goods to be delivered in the future, the goods not to be shipped before a certain specified time, and the seller shipped the goods before the time specified, and they were lost, the purchaser is not bound to pay for them.   In such cases time is of the essence of the contract.

2.  WAIVER OF CONDITION.—The fact that the purchaser afterward gave other reasons for his refusal to receive the goods, when found, does not constitute a waiver of the condition as to time of delivery.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.    Opinion filed May 9, 1882.

Assumpsit for the price of certain brushes alleged to have been sold by appellees to appellants.   Tascott and Sons, doing business in Chicago, gave appellees, Rosenthal & Bro., brush manufacturers in New York City, an order in writing as follows:

Office of J. B. TASCOTT & SONS,

Manufacturers, etc.

CHICAGO, Nov. 20, 1880.

MAURACE ROSENTHAL,

OF ROSENTHAL BROS.

*Dear Sir:*   Please enter for us the following, subject to the following conditions, to wit: Prices to be as low as any Chicago buyer has rec'd from you.   The goods not to be shipped before Feb. 20, 1881, usual terms given on brushes:

12 doz. Okatha Kalso brushes No. 8 @ $22.50

5   "   "   "   "   No. 7      18.00

3   "   "   "   "   No. 6      14.00

Let me know what your O. K. 6, 7, 8, 9 correspond to on White's O. K. King.   I intended to give you an order for other times, but will postpone until I reach New York.

Yours,

J. B. TASCOTT.

Instead of shipping the brushes at the time specified in the order, appellees shipped them February 12th, eight days prior thereto. The goods, in the ordinary course of transportation, should have reached appellants in about a week or ten days. They were lost in transit, and were not found until May 17th. The goods failing to arrive, correspondence between the parties ensued.

April 2d, appellants, in a reply to a letter from appellees, wrote them that the brushes could not be found, and suggested that they put a tracer after them. April 8th they wrote they had not received the brushes; that the season was then too late for that class of goods; that they had been obliged to put in other goods; that the goods were dead stock, and they would hold them subject to appellees' order; and they again advised them to start a tracer.

May 25th they wrote appellees, saying: "Your brushes have at last turned up, and we refuse to receive them from the Merchant's Dispatch. Would advise you to give the agent advice."

June 24th they wrote: "Yours of late date rec'd, and after due consideration, and with all respect, permit us to say we decline to receive the brushes at this late day, except on sale. If you choose, we will take them and remit for them as sold Other than this, we will not do." Other correspondence ensued, in which appellees asserted, and appellants denied their obligation to accept the brushes. There was also evidence tending to show admissions by appellants to the effect that they would have accepted the brushes had they arrived in time for their spring trade, notwithstanding they had been shipped before the time designated in the order.

By the agreement of the parties, the case was tried by the court without a jury. The court found for the plaintiff's $403.75, and the defendants appealed to this court.

Mr. JESSE COX JR. for appellants; that time was of the essence of the contract, and there was such a violation of the condition as justified appellants in refusing to receive the goods, cited Shand v. Bowes, 1 L. R. 470; Durnel v. Howard,

Tascott v. Rosenthal.

30 Me. 258; Rouse v. Lewis, 4 Abb. App. 121; Hill v. Fisher, 34 Me. 143.

Appellants at the time, of their rejection of the goods, were not bound to give their reasons for such rejection. It was sufficient that such reasons existed: Greenville v. Coll. of Physicians, 12 Mod. 386; Crouther v. Ramsbottom, 7 Durn. & E. 654; Spotswood v. Barrow, 5 Exch. 110; Baillie v. Kell, 4 Bing. 638; Ridgway v. Hungerford Market Co. 3 Adol. & E. 171; Millets v. Green, 3 Car. & Kir. 59.

Messrs. DUPEE & JUDAH, for appellees; that time, to a day, was not of the essence of the contract, cited Furlong v. Barnes, 8 R. I. 226.

WILSON P. J. We have reached the conclusion that this judgment must be reversed. The order for the brushes expressly provided that they were not to be shipped before Feb. 20th. Appellees, in contravention of the order, shipped them February 12th, eight days before the time specified. By the acceptance of the order and appellees undertaking to act under it, it became a contract between the parties for the purchase of goods to be delivered by the seller at a future designated time. At law, time is of the essence of such a contract, and performance by the seller according to its terms, unless waived by the buyer, is a condition precedent to his right to sue for the price of the goods. 1st Parsons on Con. 444–6; Chit. Con. 517, *et seq.* The seller can no more claim performance, by a tender of the goods before the time stipulated, than by tendering them after the time. And in an action at law when the question is whether a party has performed a contract requiring in terms performance at a fixed day, the court can not say that the time of performance is immaterial, for the parties have made it material. Hill v. School Directors, 17 Me. 316. If a day be fixed for delivery in the future, the seller must keep the thing sold until the time for delivery; and if the parties are distant from each other, the seller must follow the directions of the buyer. These principles are elementary. 1 Parsons, *supra.*

A case much in point reported in 1 L. R. Q. B. Div. 470, is Shand v. Bowes. There the defendant bought of the plaintiff 600 tons of rice, to be shipped at Madras for London, during the months of March and April. The rice was in 8,200 bags, of which 7,120 were shipped between the 23d and 28th of February, and the last bill of lading was signed on the latter day. Of the other 1,080 bags, 1,030 were put on board February 28th, and the remaining 50, March 3d, and the bill of lading was signed on the latter day. The defendant having refused to accept the rice, it was held that as nine-tenths of the rice was shipped in February, the defendant was not bound to accept it. That case was a stronger one for the plaintiff than the present one, for there a portion of the rice was shipped in March, as stipulated in the contract.

The express condition of the order being that the brushes were not to be shipped before February 20th, it is not for the court to say that appellants, in imposing such condition, may not have had in view the greater danger of loss or delay in transportation on a shipment made before that time than on a shipment made after that time; it is sufficient that the parties fixed the time of their contract.

But it is insisted by appellees that appellants waived their right to object to the prematureness of the shipment by placing their subsequent refusal to accept on the ground that the brushes did not seasonably arrive. We are unable to coincide in this view. By shipping the goods before the time agreed upon, appellees committed a breach of their contract, and such breach was not occasioned by any act or omission on the part of appellants. Appellees, at the time of the breach, were not misled by any supposed waiver of the condition in relation to the time of shipment, and because appellants subsequently, under an erroneous belief that the delay in the arrival of the goods was caused by a failure to ship them in time, complained that they had not arrived in season, and assigned that as a reason for refusing to accept them, it by no means follows that this constituted a waiver. And even had appellants known all the facts, it would not alter the case, for the breach of the condition of the contract in respect to the time

of shipment was already complete, and appellees could main tain no action on the contract, whatever reasons appellants might thereafter assign for refusing to accept the goods, or though they should assign no reason.  7 Ad. & E. 650; 5 Exch. 110.

The judgment of the court below must be reversed, and the cause remanded.

Reversed and remanded.