OF THE

## STATE OF WASHINGTON,

AT THE

# MAY SESSION, 1893.

[No. 452.   Decided May 8, 1893.]

ROBERT L. FOX, *Appellant*, v. WILLIAM A. UTTER, *Respondent*.

SALE — ARTICLES MANUFACTURED TO ORDER — STATUTE OF FRAUDS — DELIVERY AND ACCEPTANCE — APPEAL — DELAY IN FILING TRANSCRIPT.

Although a complaint may be based upon a contract of sale which is void within the statute of frauds, yet where the case made by the answer and reply, and tried without objection by the defendant, shows the contract to be one for the manufacture and delivery of an article, the statute of frauds has no application.

In case of the manufacture of specific articles upon order, a tender of the manufactured article is a sufficient delivery, without its acceptance by the purchaser.

If, upon the tender of a manufactured article ordered by the purchaser, defects of construction or departure from the terms of contract are alleged, they must be pointed out within a reasonable time, and the maker given a chance to repair defects, or acceptance will be presumed.

The omission of the clerk to send up the statement of facts with the transcript of the record is not ground for dismissal of the appeal, where the mistake is corrected as soon as discovered.

*Appeal from Superior Court, Whatcom County.*

*Howe & Corson*, for appellant.

*Fairchild & Rawson*, for respondent.

( 299 )

The opinion of the court was delivered by

STILES, J.—This cause was appealed while the act of 1890, prescribing the method of taking appeals to the supreme court, was in force. Therefore, no bond for costs was necessary. Respondent objects that no transcript has been filed in this court. The transcript of the record was filed in January, 1892; but inadvertently the clerk did not send up the statement of facts with it. It was sent immediately after the omission was discovered.

Motion to dismiss denied.

Appellant alleged in his complaint the sale and delivery to the respondent of an Italian marble monument for the agreed price of $375, in October, 1889. The amended answer denied the sale; but set up affirmatively a contract for the manufacture, delivery and setting up of a monument, in August, 1889, the monument to be of a certain style and size, and to be placed in position in a good and workmanlike manner—all for $375. And it was further answered that a monument was manufactured and set up, but that it did not conform to the contract in several particulars, and was badly placed in position, so that the respondent refused to accept it, and notified appellant to that effect. The reply admitted the transaction to have been a contract for the manufacture, delivery and setting up, as alleged, and maintained by denials that the contract had been substantially performed. The complaint ought to have been amended; but, under the pleadings as they stood, the cause went to trial, and was tried throughout, until the charge was given to the jury, upon the theory of a contract as set up by the answer. Evidence of the agreement, and of all that he did under it, offered by the appellant, was received without objection, and the respondent met it by counter evidence in the same direction.

But in charging the jury the court deemed the cause of action stated in the complaint to be binding, and therefore

instructed that, in case of a sale of goods of the value of fifty dollars or more, the sale was void unless some part of the price was paid, or there was a memorandum within the statute of frauds, or some part of the goods were received by the purchaser.  We think this was error, for the case made, without objection, was upon the contract to manufacture, where a different rule governs, and the statute has no application. *Mead v. Case*, 33 Barb. 202; *Meincke v. Falk*, 55 Wis. 427 (13 N. W. Rep. 545); *Goddard v. Binney*, 115 Mass. 450; *Parsons v. Loucks*, 48 N. Y. 17.

There was a variance, of course, but it was one which both parties disregarded; and the instructions ought, therefore, to have been upon the facts, rather than the letter of the complaint.

The tenth charge, in which it was said that no delivery to respondent could be found unless there was first found to be an acceptance by him, was doubtless given upon the theory of a void sale.  In cases of the manufacture of specific articles upon order, a tender of the manufactured articles is sufficient. *Shawhan v. Van Nest*, 25 Ohio St. 490; *Gordon v. Norris*, 49 N. H. 376.

Time must have been made of the essence of the contract to avoid this rule, if the reason for refusal to receive is based on the lateness of delivery.  And if upon tender of the article, the purchaser allege defects of construction or departure from the contract he must point them out, and give the maker a chance to remedy the difficulty.  This is especially so where a peculiar article has been made according to a design of the purchaser, and will be of less or no value to others.  This contract was one for labor, rather than of sale. *Davis v. Downs*, 4 Mich. 530; *Bement v. Smith*, 15 Wend. 493.

In a transaction of this kind, if the monument was set up, and the respondent was informed of that fact, within a reasonable time thereafter, according to his opportunities

to visit the cemetery, he should have examined the work, and notified appellant of his objections; otherwise appellant would be justified in presuming an acceptance and charging him with the agreed price, unless, by waiving the constructive acceptance, and undertaking to repair defects, he should himself leave open the question whether or not his contract had been substantially performed. The latter would seem to be about the fact in this case. Proceeding according to what we consider to be this correct theory of the case, we anticipate no difficulty on the part of the court in arriving at a satisfactory conclusion of it upon a re-trial.

Judgment reversed, and new trial granted with leave to amend the complaint.

DUNBAR, C. J., and HOYT and SCOTT, JJ., concur.

ANDERS, J., not sitting.