[No. 1897.   Decided December 21, 1895.]

PUGET SOUND MACHINERY DEPOT, *Appellant*, v. JOHN RIGBY *et al.*, *Respondents*.

CONTRACTS — MANUFACTURE OF SPECIAL ARTICLES — STATUTE OF FRAUDS.

A contract for the manufacture and delivery of an article is not within the statute of frauds forbidding the sale of articles of personal property of the value of more than fifty dollars without a memorandum in writing, if the completed article is one of special value to the person for whom it was manufactured and is not a marketable commodity.

The fact that one employed to manufacture and deliver an article, which, when completed, will not be a marketable commodity, purchases as merchandise most of the different parts of which the article is made instead of manufacturing them himself, and puts them together by connections manufactured in accordance with the plans and specifications of the contract, does not bring the contract within the statute of frauds relating to the sale of personal property.

Appeal from Superior Court, King County.— Hon. RICHARD OSBORN, Judge.   Reversed.

*Donworth & Howe*, for appellant.
*William H. Moore*, for respondents.

The opinion of the court was delivered by

HOYT, C. J.—This action was brought to recover damages alleged to have been occasioned by the re-

fusal of the defendants to accept and pay for a mining and pumping plant, which it was alleged they had employed the plaintiff to make and furnish for them. Upon the close of plaintiff's case, a motion for nonsuit was interposed by the defendants and granted by the court.

The only ground upon which it is claimed by the respondents that this action of the court can be sustained is that the proofs showed that the contract in question was one for the sale of articles of personal property of the value of more than fifty dollars, and that no memorandum in writing of the contract was made and signed by the parties to be charged thereby, or by any person thereunto by them lawfully authorized.  The appellant claims that the contract was not for the sale of the several articles of property to be furnished, but was for the manufacture and furnishing of a mining and pumping plant, not within the statute of frauds, and required no memorandum in writing to give it force.

As to what contracts are within, and what without, the statute of frauds has been a question often before the courts, and from the cases no uniform rule can be formulated.  It may, however, be fairly deduced from the authorities that a contract for the manufacture and delivery of an article will not be within the statute of frauds as to sales of such property, if the completed article will not be one which would, under the circumstances of the case, be a marketable commodity. If the article when so completed is one of special value to the one for whom it was manufactured and would be of comparatively little value as an article of merchandise to be held for sale, the contract will be construed to be one for manufacture and not of sale.

In the case at bar there was testimony which tended

to prove that the plant was to be manufactured by the plaintiff in accordance with plans and specifications furnished by the defendants; that to comply therewith it was necessary not only to furnish separate articles of merchandise like engines and pumps, but to connect them by shafting to be specially cut and fitted, and to provide special friction pulleys and other articles necessary to adapt the several parts of the plant to the purposes for which such parts were to be used in connection with the use of the entire plant; that the engines which were to constitute a part of the plant were of a special kind and not such as were usually kept on sale; that such engines and the pump, without the connecting shafting and friction pulleys, etc., would have been of no use for the purpose for which the plant was designed; that all of the articles, which it was necessary to specially manufacture and fit for the plant, would be of little or no value excepting in connection therewith; and that the engines themselves were of such a nature that, excepting for the purposes of the plant for which they were ordered, they would in this market have but little commercial value. These facts having been so established by the evidence as to require their submission to the jury, if they were sufficient to sustain the claim of the plaintiff that this contract was one for the manufacture of the plant and not for its sale, the action of the court in granting the non-suit was erroneous, and the judgment rendered thereon must be reversed; and, in our opinion, they were.

It is not seriously contended on the part of the respondents but that if, after the placing of this order, the plaintiff had gone on and itself manufactured each of the articles necessary to constitute the plant in accordance with the plans and specifications, such would

have been the nature of the contract; but their conten-
tion is that for the reason that the bulk of the plant
was made up of articles which were purchased as mer-
chandise from other parties by the plaintiff, the nature
of the contract was changed.  But in our opinion there
is little ground for the distinction thus sought to be
drawn.  It can make little difference, whether the
plaintiff itself manufactured the several parts of the
plant and connected them together so as to make up
the complete article ordered, or purchased the princi-
pal parts, which as purchased were not adapted to the
use for which they were designed by the defendants,
and by the application of skill and labor manufactured
the necessary parts to connect them so that as a whole
the plant would comply with the plans and specifica-
tions for its manufacture.  It seems to us that there
was testimony which would have authorized the jury,
under proper instructions, to find that the contract
was for the manufacture and delivery of a plant which
was to be the product of the skill and labor of the plain-
tiff, and if this was so, and the jury found in accord-
ance with such testimony, damages for the violation
of the contract could be recovered though it was not
evidenced by a memorandum in writing.

That such a contract would not be within the stat-
ute can be fairly deduced from what was held by this
court in the cases of *Fox v. Utter*, 6 Wash. 299 (33 Pac.
354), and *Puget Sound Iron Co. v. Worthington*, 2 Wash.
T. 472 (7 Pac. 882, 886); for while it is true that the
exact question presented by this record was not in-
volved in either of those cases, yet the general doc-
trine was announced in each of them that a contract
for the manufacture and delivery of articles of per-
sonal property of the value of more than $50 was
not within the statute of frauds.  The question as to

whether or not the contract was one of sale or for the manufacture and delivery of the plant, should have been submitted to the jury under proper instructions.

The judgment will be reversed and the cause remanded with instructions to deny the motion for a non-suit.

SCOTT, DUNBAR, ANDERS and GORDON, JJ., concur.