# CHARLESTON.

EMERSON SHOE COMPANY *v.* W. C. NEELY *et al., Partners, etc.*

(No. 5690.)

Submitted September 14, 1926. Decided September 21, 1926.

1. SALES—*Where Seller Agreed to Manufacture Goods Not Intended for Sale on General Market, on Refusal of Buyer to Accept on Ground That They Were Prematurely Tendered, Title Passed to Buyer, and Seller May Hold Goods for Him and Sue and Recover Agreed Purchase Price.*

    Where a seller agrees to manufacture specific goods which are not intended for sale on the general market but are to be specially manufactured to meet the needs of the buyer, and the seller complies with the terms of the sale by manufacturing them as agreed and tenders them to the buyer at the time agreed upon for delivery, who refuses to take them on the ground that they had theretofore been prematurely tendered (a ground presenting no defense), the title to the goods so manufactured and tendered passes to the buyer, and the seller may hold the goods for him and sue and recover the agreed purchase price. (p. 160.)

    (Sales, 35 Cyc. p. 527.)

2. SAME—*Where Goods Not Intended for Sale on General Market Were Refused by Buyer, Instruction That, if Seller Who Sued for Purchase Price Still Had Goods in His Possession, He Could Only Recover Nominal Damages, Was Error.*

    In such case it is error to instruct the jury that if they find that plaintiff still has the goods so manufactured and ordered in his possession, he can only recover nominal damages and not the sale price of the goods. (p. 161.)

    (Sales, 35 Cyc. p. 576.)

    (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Summers County.

Assumpsit by the Emerson Shoe Company against W. C. Neely and another, partners doing business as the Hub Clothing Company. Judgment for defendants, and plaintiff brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*A. D. Daly,* for plaintiff in error.
*James H. Miller,* for defendants in error.

Lively, Judge:

By this action of assumpsit, the plaintiff in error, the Emerson Shoe Company, seeks to recover from defendants in error, W. C. and R. C. Neely, partners doing business as the Hub Clothing Company, the sum of $253.32 for shoes purchased. Judgment of nil capiat was entered upon the jury's verdict for defendant, and this writ of error followed.

The facts of this case are fully set out in the opinion of this court reversing the judgment of the circuit court upon the first trial, as reported in 99 W. Va. 657, 129 S. E. 718. The evidence introduced in this and the former trial was practically the same.

The plaintiff shoe company contends that the circuit court erred: (1) in refusing to direct a verdict for plaintiff after the evidence was in; (2) in the giving and refusing of instructions; and (3) in refusing to set the verdict aside as being contrary to the law and the evidence.

This action began before a justice of the peace, and when the case was reviewed by us the first time, although we were unable to determine the nature of the remedy sought to be asserted, because the summons was not included in the record, this court was of the opinion that under the facts as developed the plaintiff was entitled to some relief and that the verdict denying any recovery was contrary to the law and the evidence. No instructions were given to the jury in the former trial. However, the summons is a part of the record in the instant case, and from the summons it clearly appears that the action is based on the right of the plaintiff to recover the contract price of the shoes.

In passing upon the assignments of error relating to the evidence, we do not deem it necessary, in view of our former opinion, to summarize and discuss the evidence introduced on the second trial. No new fact was brought out, except that one of the defendants testified that they would have accepted the shipment had it been made in the spring. Defendant's reply of Jan. 17, 1921, in the form of a notation on plaintiff's letter of Jan. 15th, in which plaintiff offered to

ship the shoes in the spring at a date set by defendants, militates against this contention, and demonstrates the fact that they had no intention of accepting the goods had the shipment been so made. The correspondence set out in the former opinion justified plaintiff in not shipping the goods in the spring of 1921. It would have been needless to incur that expense. The evidence clearly warranted a recovery of the purchase price of the shoes, and if the law is for the plaintiff, it was error for the lower court to refuse to instruct the jury to find for the plaintiff.

Plaintiff also assigns as error the action of the circuit court in: (a) refusing to give plaintiff's instruction No. 1, as offered by plaintiff; and in refusing plaintiff's instructions Nos. 2 and 3; and (b) in giving defendant's instruction No. 4 and plaintiff's instruction No. 1 as modified by the court.

As mentioned heretofore, when this case was first before us, we were unable to determine the remedy sought to be asserted, by reason of the failure to include the summons within the record; and consequently anything we may have said in our former opinion must be considered in the light of this fact. Our discussion of legal principles was of necessity a general one in view of the lack of the summons; but the trial court in passing upon the instructions evidently took the view that we there held that the plaintiff was only entitled to sue for damages arising out of breach of contract, and that it could not sue for the purchase price, it having retained possession of the shoes. Such was not our intention.

Under the holding of this court in *Acme Food Co. v. Older,* 64 W. Va. 255, and kindred cases, it is essential, in order to maintain an action for the purchase price of personal property, that the contract must have been executed to the extent that title has passed to the purchaser. However, actual delivery is not always necessary to the passage of title, the transfer of which is a question of intention, to be gathered from the terms of the contract, the nature of the property, and the surrounding circumstances. And where a contract is entered into for the manufacture of a specific article which is not intended for sale upon the general market but is to be

specially manufactured to meet the needs of the buyer, and the seller has completed the manufacture of the article according to the contract specifications and has tendered it to the buyer who wrongfully refuses to accept it, the title thereto passes to the buyer, and the seller may hold the goods for him and maintain an action for the purchase price. *Electric Co.* v. *Coal Co.,* 91 W. Va. 347; *Hydrex Works* v. *Seager Engine Works,* 189 Mich. 431; *Gordon* v. *Norris,* 49 N. H. 376; *Smith Bros.* v. *Wheeler,* 7 Ore. 49; *Range Co.* v. *Mercantile Co.,* 120 Mo. App. 438; *Shawhan* v. *Van Nest,* 25 Ohio St. 490; *Fox* v. *Utter,* 6 Wash. 299; 1 Mechem on Sales, Sec. 754. In the instant case, plaintiff's evidence, uncontradicted, is that the shoes were specific goods specially manufactured for defendants, and were not intended for sale on the general market; that it was difficult to place any specific market value on them. The goods were held and treated as defendants' property, and are now stored for them. Plaintiff says it will deliver the shoes upon payment of the purchase price now due. It is but just to hold that the plaintiff having fully complied with its contract by the manufacture and tender of the goods should be entitled to hold them for the defendants and sue for the purchase price, the title to the shoes having passed to defendants.

The lower court in passing upon the instructions offered, acted upon the erroneous theory that the plaintiff was not entitled to sue for the purchase price, and consequently refused to give plaintiffs instructions embodying such principle of law. This was error, as was his giving of defendant's instruction No. 4 restricting plaintiff's recovery to nominal damages if the jury believed the plaintiff still had possession of the shoes. It was also error to give plaintiff's instruction No. 1 as modified by the court, for the reasons stated above. This latter instruction as given would not have allowed the plaintiff to have recovered the contract price of the shoes.

The law is for the plaintiff, and under the evidence of this case the court should have instructed the jury to find for plaintiff.

*Judgment reversed; verdict set aside; new trial awarded.*