Amos Brewer *vs.* Housatonic Railroad Company.

It is within the discretion of the judge presiding at a trial, to allow the plaintiff, who has rested his case on an auditor's report, to introduce evidence in support of the report, after the defendant has put in his evidence.

In an action for goods sold and delivered, the defendant has good ground of exception to instructions which authorize the jury to return a verdict for the plaintiff even if they find that the goods were not all of the kind contracted for and that the defendant did not accept them.

Contract for wood sold and delivered. The case was referred to an auditor, who reported in favor of the plaintiff. At the trial in the superior court, before *Brigham*, C. J., the plaintiff introduced the auditor's report in evidence, and rested his case. The defendants contended that if the plaintiff proposed to offer other evidence in support of his case, he should do so before the defendants put in their evidence, but the judge ruled otherwise.

There was conflicting evidence as to the terms of the contract of sale, as to the kind of wood delivered, and as to whether the defendants accepted the wood.

" The defendants requested the judge to instruct the jury that if the parties contracted for the delivery of wood, all of a particular quality, and the plaintiff delivered a quantity embracing a portion of several cords intermixed with the entire mass of a different quality, the defendants would not be obliged to accept any of the wood; and if the defendants did not accept the wood as delivered, the plaintiff could not recover. But the judge instructed the jury that if the parties contracted for wood of a particular quality, and the plaintiff delivered a quantity of wood which was not of the quality contracted for, intermixed with that which was called for by the contract, the plaintiff might recover for the latter, notwithstanding its intermixture with wood of inferior quality. Instructions were given to the jury as to acts or conduct of the defendants which would authorize the inference of an acceptance of the wood; to which no exception was taken."

The jury returned a verdict for the plaintiff; and the defend ants alleged exceptions.

*I. Sumner & J. Dewey, Jr., (H. J. Dunham* with them,) for the defendants.

*H. C. Joyner,* for the plaintiff.

COLT, J. It was within the discretion of the court, and according to the usual practice in this Commonwealth, to permit the plaintiff to introduce evidence in support of the issue to be maintained by him, after the defendants had produced evidence to meet the case made by the auditor's report. *Morgan* v. *Morse,* 13 Gray, 150. The auditor's report, it is true, is only *primâ facie* evidence, and does not change the burden of proof, but the plaintiff may in the first instance rest his case upon it, and, if it is attempted to control or impeach it by other evidence offered by the defendants, may be permitted to put in evidence in reply, in support of his own case.

The judge was in substance requested to instruct the jury, that, if the parties contracted for the delivery of wood to be all of a particular quality, and the plaintiff delivered wood intermixed with that of inferior quality, the defendants would not be obliged to accept it; and if it was not accepted, the plaintiff could not recover. There was evidence in the case which made this instruction proper; but the jury were told, instead, that if the parties contracted for wood of a particular quality, and the plaintiff delivered a quantity of wood which was not of the quality contracted for, intermixed with that which was called for by the contract, the plaintiff might recover for the latter. The exceptions show, indeed, that, in addition to this, instructions were given as to what would authorize the inference of an acceptance of the wood, which were not objected to. And it may be possible, or even probable, as the plaintiff argues, that the jury must have found, upon the pleadings and evidence in this case, that there was an acceptance of the wood for which they charge the defendants in their verdict. But this cannot be left to conjecture. And the difficulty is, that, as the instructions stand, with the accompanying request of the plaintiff, the jury were permitted to find for the plaintiff, without either finding an

acceptance by the defendants, or that wood of the quality required by the contract was delivered at the place agreed on. *Nichols* v. *Morse*, 100 Mass. 523.　　Upon the last ground stated, the　　　　　　　　　　　　　　　　*Exceptions are sustained.*