CHARLES W. RODMAN & another *vs.* CHARLES S. GUILFORD & another.

In an action of contract a defendant, under an answer denying each and every of the allegations made in the declaration, may prove the contract actually made for the purpose of proving that he did not make the contract declared on.

A defendant agreed to pay the plaintiff 10 cents a pound for perfect rosewood cut into pieces of a certain shape; the plaintiff sent the defendant 333 pounds so cut, of which amount 176 pounds only were perfect, and these pieces the defendant weighed and set apart. *Held*, that the plaintiff could recover the price agreed upon for the 176 pounds without showing an acceptance of those pieces by the defendant.

CONTRACT upon this account annexed: "Messrs. Guilford & Whitney, to Rodman & Hepburn, Dr. To one log Rio rosewood, cut into 2⅞ and 3½ inch squares, 562 lbs. at 10c. $56.20."

The defendants filed this answer: "They deny each and every of the plaintiffs' allegations in his declaration made. They deny that the plaintiffs ever sold and delivered or bargained and sold to the defendant one log of Rio rosewood. They deny that they ever had any rosewood of the plaintiffs."

At the trial in the Superior Court, before *Brigham*, C. J., the plaintiffs, to prove their case, introduced a deposition tending to show that the defendants purchased of the plaintiffs a log of rosewood to be cut as described in the declaration; that they agreed to pay 10 cents a pound for the weight of the log before it was sawed; that it then weighed 562 pounds, and that it was cut and sent to the defendants.

The defendants offered evidence to prove that they had made no such purchase; that they had agreed with the plaintiffs to pay them 10 cents a pound for perfect stuff cut into certain dimensions; that there was sent to them only about 333 pounds of rosewood cut into the proper shape; that of this there were only 176 pounds of perfect stuff; that this was intermixed with nearly an equal amount that was imperfect and defective; that, ascertaining these facts by weighing, they refused to receive the same, but put back all the pieces into the package in which they had been sent, and notified the plaintiffs of the facts at once.

The plaintiffs objected to the admission of this evidence, claiming that this defence was not open under the answer; but the objection was overruled, and the evidence admitted.

After the admission of the defendants' evidence tending to prove the facts as they alleged them, the court, against the defendants' objection, ruled as follows:

" If the defendants received from the plaintiffs 176 pounds of rosewood identical in description and quality with that purchased by them, the plaintiffs may recover the price agreed upon for the same, if the defendants have set apart the same and have it in their possession, notwithstanding a portion of the rosewood received by them is not identical in quality and description with the rosewood bought by them."

Thereupon the defendants submitted to a verdict for the 176 pounds, and both parties alleged exceptions.

*W. S. B. Hopkins*, for the plaintiffs.

*S. T. Field*, for the defendants.

ENDICOTT, J. 1. The evidence offered by the defendants, to which the plaintiffs except, was competent. The declaration alleged that the defendants owed the plaintiffs for one log of rosewood cut into squares, at a certain price per pound, and evidence was offered of the contract. The defendants were allowed to prove a different contract; that they bargained for the delivery of perfect squares only; and that instead of receiving the number of pounds of squares alleged, they received a less number, and of these only 176 pounds were according to the contract. This evidence, if believed, fairly meets and rebuts the plaintiffs' case, it tends directly to sustain the defendants' denial, and was admissible under their answer denying each and every allegation of the declaration. *Knapp* v. *Slocomb*, 9 Gray, 73. *Verry* v. *Small*, 16 Gray, 121. *Warren* v. *Ferdinand*, 9 Allen, 357.

2. After the admission of this evidence, the presiding judge ruled that the plaintiffs could recover for the 176 pounds of rosewood identical in description and quality with that purchased, if the defendants had set apart the same and had it in their possession, notwithstanding a portion of the rosewood received by them was not according to the contract. To this ruling the defendants except, but we think it was correct. By the defendants' evidence it appears that they received that number of perfect squares, such as they had bargained for, and which they had set

apart and weighed. It is immaterial that they received other squares not according to the contract, which they were not bound to take. Whatever squares, of the quality purchased, the jury should find were delivered to the defendants at the place agreed upon, the plaintiffs are entitled to recover for, and they are not obliged to show an acceptance by the defendants. *Nichols* v. *Morse,* 100 Mass. 523. The case is clearly to be distinguished from *Brewer* v. *Housatonic Railroad Co.* 104 Mass. 593, cited by defendants. There the jury were permitted, erroneously, to return a verdict for the plaintiff, without finding either an acceptance or that wood of the quality required by the contract was delivered at the place agreed upon.

*Exceptions of both parties overruled.*