ANGELO MYER & another *vs.* CHARLES H. TIGHE.

Suffolk. March 19, 1890. — April 2, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Sale to Spendthrift — Appointment of Guardian — Effect upon Contract.*

The appointment of a guardian to a spendthrift, under the Pub. Sts. c. 139, §§ 8, 9, after the latter's purchase of goods, but before their delivery, does not affect his liability for the price.

CONTRACT, upon an account annexed, to recover the price of one barrel of whiskey sold and delivered to the defendant by the plaintiffs. At the trial in the Superior Court, *Bishop*, J., directed a verdict for the plaintiffs, and reported the case for the determination of this court. The facts appear in the opinion.

*J. H. Appleton*, for the plaintiffs.

*J. W. O'Brien*, for the defendant.

KNOWLTON, J. The defendant seeks to avoid liability on the ground that he was put under guardianship as a spendthrift before the delivery of the goods the price of which this action is brought to recover.

The parties had entered into a binding contract for the sale of the goods before the commencement of the proceedings for the appointment of a guardian, and each of them had a right to have the contract performed according to its terms. Under the Pub. Sts. c. 139, §§ 8, 9, the appointment of the guardian affected only such contracts as were made by the defendant after the filing of the complaint and order in the registry of deeds. The plaintiffs delivered the whiskey in accordance with their contract, and the defendant received it at his place of business, and neither he nor his guardian ever offered to return

it. The plaintiffs are therefore entitled to recover the contract price. Even if the defendant had refused to accept it, the property would have passed on delivery under the contract, and the plaintiffs would have had a right to maintain this action. *Nichols* v. *Morse*, 100 Mass. 523. *McLean* v. *Richardson*, 127 Mass. 339, 345.                    *Judgment on the verdict.*