FRANK W. SMITH & another *vs.* JOHN EDWARDS & another.

Suffolk.    March 2, 1892. — May 6, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Delivery of Goods to Carrier — Title — Trustee Process.*

When goods are to be manufactured by a seller according to sample, and forwarded by a carrier to a buyer at a distance, the seller's delivery of goods conformable to the contract to the carrier as bailee for the purchaser passes the title; and if the buyer ships them back to the seller by the same carrier, the ·last may be charged therefor by the seller in trustee process.

HOLMES, J.   This case comes before us on the exception of the Old Colony Railroad Company to a ruling of the court below, that it should be charged as trustee of the defendants. The defendants have been defaulted. The bill of exceptions purports to state the evidence introduced on the motion to charge the trustee, but does not disclose the findings of the judge. We assume them to have been the most favorable for the ruling which the bill of exceptions warrants. The defendants in Ohio ordered of the plaintiffs, who are manufacturers of boots and shoes in Massachusetts, through the plaintiffs' travelling sales-

man, certain calf and buff shoes, to be made according to a sample shown to the defendants. It was assumed at the argument, and we assume, that the contract bound the defendants, that there is no question under the statute of frauds, and that the shoes were made according to sample. They were forwarded over the Old Colony Railroad, we must assume, if it be material, at the defendants' expense, and were delivered to the defendants. This mode of forwarding undoubtedly was authorized by the contract. The defendants accepted the buff shoes, but refused to accept the calf shoes, and shipped the latter back to the plaintiffs by the same railroad. The plaintiffs refused to accept them, sued the defendants for the price of the shoes, and trusteed the railroad company. The calf shoes mentioned are the goods for which the railroad company was charged.

It is argued for the trustees, that, although the defendants were guilty of a breach of contract in refusing to accept the calf shoes, yet, as the shoes were not in existence at the date of the contract, they did not become the defendants' property until tendered to and accepted by the defendants after they were made.

Of course the title to the shoes could not be vested in the defendants without their consent. But in the present state of the law it does not need argument to show that a contract can be made in such a way as subsequently to pass the title, as between the parties, to goods unascertained at the time when the contract is made, without a subsequent acceptance by the buyer, if the contract commits the buyer in advance to the acceptance of goods determined by other marks. *Middlesex Co.* v. *Osgood,* 4 Gray, 447, 449. *Nichols* v. *Morse,* 100 Mass. 523. *Brewer* v. *Housatonic Railroad,* 104 Mass. 593, 595. *Rodman* v. *Guilford,* 112 Mass. 405, 407. *Goddard* v. *Binney,* 115 Mass. 450. *Blanchard* v. *Cooke,* 144 Mass. 207, 227. *Aldridge* v. *Johnson,* 7 El. & Bl. 885, 899.

In the case of goods to be manufactured, the seller, as he has to tender them, generally has the right to appropriate goods to the contract so far that, if he tenders goods conformable to it, the buyer's refusal to accept them is a breach. The buyer cannot say that he would have accepted some other goods had they been tendered. When goods are to be manufactured and forwarded

by a carrier to a buyer at a distance, the seller's delivery of such goods to the carrier as bailee for the purchaser passes the title. The seller cannot forward them until they are specified. The delivery is an overt dealing with the goods as those to which the contract applies, and puts them into a possession adverse to the seller. Although not strictly a delivery, it is an act having the legal effect of a true delivery, which in common legal language it is said to be. *Orcutt* v. *Nelson,* 1 Gray, 536, 543. *Merchant* v. *Chapman,* 4 Allen, 362, 364. *Kline* v. *Baker,* 99 Mass. 253, 254. *Hallgarten* v. *Oldham,* 135 Mass. 1, 9. The act is required of the seller by the terms of the contract, and thus is assented to in advance by the buyer, on the condition that, as supposed, the goods answer the requirements of the contract. Therefore it is a binding appropriation of the goods to the contract, and passes the title as we have said. *Putnam* v. *Tillotson,* 13 Met. 517, 520. *Merchant* v. *Chapman,* 4 Allen, 362, 364. *Odell* v. *Boston & Maine Railroad,* 109 Mass. 50. *Wigton* v. *Bowley,* 130 Mass. 252, 254. *Fragano* v. *Long,* 4 B. & C. 219. *Wait* v. *Baker,* 2 Exch. 1, 7.

The present case could be disposed of upon a narrower ground. It would be enough to say that, so far as we can see, the judge who heard the motion to charge the trustee was warranted in finding as a fact that the defendants authorized the plaintiffs to appropriate the shoes to the contract, even if the inference was not necessary as matter of law. The question always is what intent the parties have expressed, either in terms or by reasonable implication. *Anderson* v. *Morice,* 1 App. Cas. 713. *Calcutta & Burmah Steam Navigation Co.* v. *De Mattos,* 32 L. J. Q. B. 322, 328; *S. C.* 33 L. J. Q. B. 214.

*Exceptions overruled.*

*W. F. Kimball,* for the plaintiffs.
*C. F. Choate, Jr.,* for the trustee.