JAMES T. WHITE, and another,

*vs.*

ALBION K. P. HARVEY, Appellant.

Androscoggin.    Opinion December 14, 1892.

*Sales.   Delivery.   Acceptance.   Presumption.*

In an action for goods sold and delivered, where the goods were contracted for in writing to be delivered at a place agreed upon by the parties, proof of delivery at such place raises a presumption of acceptance by the purchaser. In such case the seller is not bound to prove any actual acceptance,—the purchaser must disprove it.

ON EXCEPTIONS.

This was an action of assumpsit brought in the Lewiston municipal court which gave judgment for the plaintiff and the defendant appealed.    At the trial in the court below a verdict was ordered for the defendant and the plaintiffs excepted.

The case is stated in the opinion.

*Savage and Oakes*, for plaintiffs.
*McGillicuddy and Morey*, for defendant.

PETERS, C. J.    After the evidence on both sides of this action, for goods sold and delivered, was closed, the judge made a *pro forma* ruling that there was no evidence of either delivery or acceptance, and directed a verdict for the defendant upon that ground.    Our investigation satisfies us that there was evidence on that question which should have been submitted to the jury. There are important facts bearing upon that branch of the case which are not disputed.    As the agreement between the parties is written, no question arises on any application of the statute of frauds.

The plaintiffs received the defendant's written obligation, dated at Lewiston, February 27, 1891, to purchase of them a physiological manikin of a certain description.    The article was to be shipped, freight prepaid, from New York city to Lewiston, and in consideration of its delivery, for the defendant, at the office of the American Express Company in Lewiston, the defendant was to pay for the same a certain sum.    A manikin

of the description bargained for arrived at the Express office in Lewiston, and, upon an examination there by the defendant, it was found to have been injured during its transportation. Thereupon it was arranged that that one should be sent back to New York and a new one be forwarded in place of it. The new manikin came along seasonably, arriving sometime in June, 1891. The defendant very well knew the expected article had arrived, but neglected to take personal possession of it until after this action was commenced in October, 1891. During that period, four months' time, not a word of denial or refusal, or of dissatisfaction of any kind, was communicated from the defendant to the plaintiffs. On January 10, 1892, after this action, then pending in the Lewiston Municipal Court, had been tried in that court, the defendant proceeded to the Express office, took the manikin from there to his house, opened the crate in which it was packed, and has kept it in his exclusive control and possession ever since. He says he took it for the purpose of using it as evidence in the trial of this suit on appeal. He never saw it from June to January, and whether his criticisms of it, at the trial in this court in April, 1892, were frivolous and fictitious or not, would have been for the jury to determine.

The question is whether these facts prove or even tend to prove delivery and acceptance. There is very significant evidence of acceptance since the action was brought if not before. It matters not what may have been the inducement that led the defendant to assume and exercise dominion over the property in January, 1892. The law does not allow him to assert himself a trespasser in taking the property. The act is a confession of acceptance. *Burrill* v. *Parsons*, 73 Maine, 286. If he takes the article at all it must be for the purpose for which it is tendered to him. Mr. Benjamin says a constructive acceptance, at least, may be inferred from any act of the buyer to the goods, of wrong if not the owner of the goods, or of right if he is owner. Benj. Sales, 3d Amer. ed. § 144, and cases cited. Here the evidence is of a conclusive character. But acceptance after action brought is not enough to sustain acceptance before the commencement of the action.

But to return to the question of acceptance before suit brought: It is a general principle affecting this subject, that whenever personal property is sold deliverable to a particular person or at a particular place for the buyer, a delivery to such person or at such place is a completed delivery to the vendee. "The cases are numerous," said WHITMAN, C. J., "which show that a delivery, of an article sold, to a person appointed by the vendee to receive it, is a delivery to the vendee." *Wing* v. *Clark*, 24 Maine, 366. The same rule attaches where the delivery is to be at an agreed place. *Means* v. *Williamson*, 37 Maine, 556. The precise rule, as stated in several cases in Massachusetts, is that, "in an action for goods sold and delivered, if the plaintiff prove a delivery *at the place agreed*, and that there remained nothing further for him to do, he need not show an acceptance by the defendant." *Nichols* v. *Morse*, 100 Mass. 523 ; *Brewer* v. *Housatonic R. R. Co.* 104 Mass. 593 ; *Rodman* v. *Guilford*, 112 Mass. 405. Discussions in other cases serve to illustrate the rule. *Pacific Iron Works* v. *Long Island R. R. Co.* 62 N. Y. 272 ; *Spenser* v. *Hale*, 30 Verm. 314 ; *Strong* v. *Dodds*, 47 Verm. 348 ; *Hunter* v. *Wright*, 12 Allen, 548 ; *Page* v. *Morgan*, 15 Q. B. D. 228 ; *Dyer* v. *Libby*, 61 Maine, 45 ; Benj. Sales (ed. as above) § § 162, 199, and notes.

The delivery at a place agreed is for the buyer's accommodation. Instead of his taking the goods they are sent to him at his direction. Then the seller's responsibility is ended, and an acceptance is implied. The buyer, in effect, agrees that such delivery shall operate as a complete transfer of the property. The buyer is not, however, precluded from the right of inspection or examination, unless such right has been previously exercised, and of subsequently objecting that the goods are not according to the contract. To that extent the acceptance may be considered as conditional.

But the right of rejection must be for good cause and not upon false or frivolous grounds. And the right must be exercised within a reasonable time, or it is lost and the sale becomes absolute. Silence and delay for an unreasonable time are conclusive evidence of acceptance. The burden of action is upon

the buyer, and he must seasonably notify the seller of his refusal to accept the goods. The seller cannot presume that objection will be alleged. Of course, there can be no refusal or repudiation if the goods are according to the contract. See cases before cited.

The case before us comes within the application of these principles. By the agreement of parties the delivery was to be at the American Express office in Lewiston. The manikin was so delivered, and remained there for months. If there had been an acceptance, either absolute or constructive, the action may be maintained. There is certainly evidence enough of it to require the jury to determine the question. If there has been an acceptance the defendant may still have any defense that goes in reduction of damages. *Moore* v. *Morse*, 83 Maine, 473. There is nothing in *Tufts* v. *Grewer*, 83 Maine, 407, that conflicts with the foregoing. That case went upon other and different principles.

*Exceptions sustained.*

WALTON, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.