## WILLARD v. TATUM et al.

### No. 14,798; January 10, 1893.

#### 31 Pac. 912.

**Sale—Rescission—Return of Goods.**—A Seller of Stationary Engines will not be relieved from his agreement to rescind the sale, and accept their return, by the mere fact that the purchaser returned one more engine than specified in the agreement, without, however, requiring its acceptance by the seller as a condition to the return of the others.

**Sale—Rescission—Delay in Return of Goods.**—A Delay of Eight Months in shipping the engines after it was agreed that they should be returned by the purchasers from San Francisco to the sellers at Chicago, by a shipment via Cape Horn, is not so unreasonable, as matter of law, as will relieve the seller from his obligation to accept them, where it appears that they had been paid for by the purchasers; that the seller had the use of the money during all this time; that no loss was suffered by the delay; that the refusal to accept them was based on a claim that a change in the pattern of the engines rendered those returned less valuable than formerly; that some of the returned engines were in a branch house of the purchasers at Portland, Oregon, and had to be brought to San Francisco for shipment; and that the engines were in fact shipped by the first vessel carrying a miscellaneous cargo.

APPEAL from Superior Court, City and County of San Francisco; William T. Wallace, Judge.

Action by Charles P. Willard against H. L. Tatum and Joseph J. Bowen to recover for goods sold. Defendants interposed a counterclaim. From a judgment in defendant's favor, and from an order denying a new trial, plaintiff appeals. Affirmed.

John H. Dickinson for appellant; Langhorne & Miller for respondents.

HAYNES, C.—Plaintiff is engaged in the business of manufacturing engines and other machinery in Chicago, Illinois, and the defendants are copartners doing business in San Francisco. Plaintiff brought this action to recover a balance upon book account, and also the amount of a promis-

sory note, due him from defendants for goods sold.  There
was no contest as to these claims, but defendants, by way of
counterclaim, alleged, in substance, that prior to 1887 they
purchased from plaintiff several "Davey Safety Engines"—
one of four-horse power, for $430; four of two-horse power,
for $255 each; and one of one-horse power, for $191.25—and
paid for said engines $1,551.25; that they proved unsalable,
and on April 27, 1887, defendants wrote plaintiff that these
engines were "dead stock"; that they had sold but two, leav-
ing on hand one four-horse power, three two-horse power, and
one one-horse power; that they had ordered these engines rely-
ing on plaintiff's representations, and that the engines had not
come up to them; and asking for a proposition under which
they might return them; that plaintiff thereupon agreed by
letter that if defendants would have the engines boxed and
returned to him, freight prepaid, he would credit defendants
the full amount they had paid for them.  Afterward it was
agreed they might be returned by vessel around Cape Horn
and via New York.  March 27, 1888, defendants shipped the
engines, but included one more two-horse power engine than
was named in the proposition.  After they were shipped, and
the vessel was at sea, and on receipt of the bill of lading,
plaintiff wrote defendants, refusing to give credit for the en-
gines, but offering to take care of them, and make the best
disposition he could for defendants.  This change of purpose
was based on an alleged change in the patterns of the engines,
made after the agreement to take them back, by which it was
claimed the old style was not worth so much as before.  The
court found for defendants for the price of the motors (ex-
cluding the extra two-horse power engine not specified in the
original proposition), less the amount of plaintiff's claim
specified in his complaint, and gave judgment for defendants
for $871.87 and interest.  Plaintiff's motion for a new trial
was denied, and this appeal is from the judgment and the
order denying a new trial.

Appellant's contention that the evidence is insufficient to
justify the findings cannot be sustained.

1. That an extra engine was shipped is true.  But defend-
ants did not make the return and acceptance of the others
conditional upon the acceptance of it by plaintiff, nor was
he charged with it by the court.  The cases cited by appellant

do not sustain him. Stevenson v. Burgin, 49 Pa. 36, holds that a contract for a certain fixed quantity of merchandise, to be delivered on shipboard by the vendor, is not complied with by a tender of bills of lading for a larger quantity; and a demand of payment therefor at the price agreed on cannot be enforced by the vendor. Clark v. Baker, 11 Met. (Mass.) 186, 45 Am. Dec. 199, holds that it is the duty of the seller of a cargo of corn in bulk, part of which is damaged, to separate the good from the bad, and offer the good to the buyer. The corn was sold as of a certain quality, and the buyer could not be required to make the selection. In Brewer v. Railroad Co., 104 Mass. 593, the contract was for wood of a particular quality, and plaintiff delivered wood intermixed with that of an inferior quality. The court held that defendant would not be obliged to accept it. Croninger .v. Crocker, 62 N. Y. 151, was a similar case, where wool of the quality contracted for was largely intermixed with inferior qualities. In the case at bar there was no difference in quality—simply one engine more than was embraced in the agreement. No separation or examination was required, as they were entirely distinct, each complete in itself, and no requirement was made that plaintiff should accept it. We know of no case which goes so far as to relieve plaintiff from accepting the others for that reason.

2. It is specified by appellant that the evidence further shows that defendants never did comply with the agreement, viz.: by "shipping and delivering the engines at Chicago." The court found that plaintiff received the engines, and that finding is not attacked. Besides, it may well be that defendants were relieved by the conduct of the plaintiff from a delivery at the place specified.

3. This specification is that the evidence shows there was no consideration for the agreement, and that nothing was done under it. Plaintiff answered defendants' cross-complaint, and did not allege that the agreement was without consideration. But, assuming that a denial of the agreement raised that question, we think the facts showed a good and sufficient consideration.

4. The most important question presented by appellant is whether the engines were returned within a reasonable time after the agreement was made. About eight months elapsed

after the mode of shipment was arranged before they were in fact shipped. ''There is no precise standard of reasonable time. The true rule must be that that is a reasonable time which preserves to each party the rights and advantages he possessed, and protects each party from losses that he ought not to suffer'': 2 Parsons on Contracts, 662. The question here involves the consideration of the relations and dealings of the parties, including the fact that defendants had, until after the time this agreement was made, the entire sale of plaintiff's manufactures on the Pacific coast, not on commission, but by purchase; that these engines had been paid for by defendants, and plaintiff still held and had the use of the money so paid; that no loss is shown to have accrued to the plaintiff by the delay; that plaintiff's objection to taking the engines under that agreement was not based on the fact of delay, but on the claim that after the agreement and before the shipment a change had been made in the pattern of the ''Davey Safety Engine,'' which rendered the old make (these engines) less valuable; but on the trial this claim was abandoned. Some of these engines were in defendants' house at Portland, Oregon, and had to be brought to San Francisco; and defendants also gave evidence tending to show that they were shipped by the first vessel sailing to New York, carrying a miscellaneous cargo, of which they were informed. Evidence was given showing that other vessels, before the one by which the engines were shipped, cleared for New York, but it does not affirmatively appear that they carried miscellaneous cargoes. We think the question was one of fact, which would have been properly submitted to a jury under proper instructions from the court; that there is evidence sufficient to sustain the finding, and that it should not be set aside: See Luckhart v. Ogden, 30 Cal. 558–560.

No exceptions were reserved on the trial, and the errors of law specified are fully covered by the foregoing. The judgment is sustained by the findings, and therefore the court did not err in rendering judgment for defendants. We advise that the judgment and order appealed from be affirmed.

We concur: Vanclief, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.