## RASTETTER v. REYNOLDS ET AL.

[No. 19,821. Filed February 25, 1903.]

CONTRACTS.—*Customs and Usages.*—*Evidence.*—In an action to recover the purchase price of certain elm strips "$1\frac{3}{4}$x1x7 ft. long," ordered by defendant of plaintiff, it was proper to allege and prove a custom and usage among lumbermen in the locality that the dimensions of the strips were to be taken at the time they were sawed in the green and with knowledge that the strips would shrink when dried. *pp. 134–138.*

CUSTOMS AND USAGES.—*Contracts.*—To authorize the proof of a commercial usage or custom in explanation of a contract it is not necessary that the usage should have existed for any considerable length of time, but it is sufficient if it was known to the parties at the time they entered into the contract. *p. 138.*

SALES.—*Delivery.*—*Acceptance.*—In an action for goods sold and delivered, the seller is entitled to recover the contract price if he has delivered the property to the purchaser, or done such acts as vested the title in the purchaser if he had accepted it. *p. 139.*

CUSTOMS AND USAGES.—*Extent.*—Commercial usages need not be coextensive with the State. *p. 140.*

SAME.—*Evidence.*—In an action for the purchase price of certain lumber, plaintiff alleged a custom or usage among lumbermen that the dimensions of the lumber were to be taken at the time it was sawed, and proved the same by a number of witnesses. It was also shown that plaintiff had sawed and shipped two car loads of similar lumber to defendant prior to the controversy, and all were the same thickness as the order in this case, and was sawed in the green of the dimensions ordered, and accepted by defendant. *Held,* to support a finding that the custom was known to defendant. *pp. 140, 141.*

APPEAL AND ERROR.—*Instructions.*—*Joint Exception.*—A joint exception to the action of the court in refusing to give certain instruc-

tions is not available if any one of the instructions was correctly refused.  p. 141.

From Whitley Circuit Court; *J. W. Adair*, Judge.

Action by Melvin E. Reynolds and others against William C. Rastetter for goods sold and delivered. From a judgment for plaintiffs, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*Robert Dreibelbiss, Allen Zollars, C. H. Worden* and *F. E. Zollars*, for appellant.

*Wilmer Leonard* and *Elmer Leonard*, for appellees.

Monks, J.—This was an action brought by the appellees, doing business as partners, against the appellant, as surviving partner, to recover judgment for goods sold and delivered by appellees to appellant's firm. A trial of said cause resulted in a verdict and judgment for appellees.

The errors assigned and not waived call in question the sufficiency of the fourth paragraph of complaint, the action of the court in overruling appellant's motion to strike out parts of said fourth paragraph of complaint, in overruling the appellant's motion for judgment in his favor upon the answers to the interrogatories, notwithstanding the general verdict, and in overruling appellant's motion for a new trial.

The fourth paragraph of complaint alleges that the appellant is the sole, surviving partner of the firm of Louis Rastetter & Son, and that he has in his hands sufficient assets to pay all partnership indebtedness, including the claim of appellees; that for many years prior to September 25, 1895, appellees were engaged in the business of sawing elm strips, and the said firm of Louis Rastetter & Son, long prior to the aforesaid date, was engaged in the business of buying said strips. It is further alleged that, "prior to said date, a custom had grown up among those who sawed said strips and those who purchased the same that the dimensions of said strips were to be taken at the

time of sawing the same; that orders therefor were given with the understanding that the same would be sawed in the green to the size as ordered, and with the knowledge that such strips would shrink after they were dried; that this custom was well known to both the plaintiffs and said Louis Rastetter & Son; and that the dealings had between said plaintiffs and said Louis Rastetter & Son were had with reference to said custom, and that said custom became, and was, a part of the contract" entered into between the parties. The order given by said firm of Louis Rastetter & Son to the appellees is then set forth as follows: "Ft. Wayne, Ind., Sept. 25, 1895. Reynolds Bros., Corunna, Ind. Gentlemen: In reply to your inquiry of the 24th inst., to hand, will say we are always in the market for genuine rock elm strips, $1\frac{3}{4}$ x 1 x 7 feet long, which, however, must be sawed straight grained, clear, free from knots and other imperfections, as shakes, bird pecks, etc., for which we will pay five cents per strip, f. o. b. this city. If you will send the car you have immediately, then advise us and oblige, yours, etc., Louis Rastetter & Son, by W. C. Rastetter." Then follow the allegations that said order was accepted by appellees, and that said strips were sawed according to order, but that appellant's said firm refused to inspect the same at appellees' mill immediately upon their being sawed out, as said firm had agreed and promised to do, and that subsequently they refused to accept the same, for the reason that, during the interim, the strips had shrunken, although they well knew that said shrinkage was to be anticipated, when they gave said order. It was further alleged that said strips were sawed, sold, and delivered to said firm of Louis Rastetter & Son, at their special instance and request, and that they were of the value of $550.60, and that said sum is now due and wholly unpaid. Wherefore, etc.

Appellant unsuccessfully moved to strike from this paragraph so much thereof as pertained to the custom alleged

to exist in business of the nature of that out of which this transaction arose. His demurrer to said paragraph for want of facts was also overruled by the court. Appellant insists that there was a contract between the parties in this case which was entirely clear and free from ambiguities, not subject to be varied by parol proof of custom or usage alleged to have existed in such business, and that, therefore, it was not proper for the appellees in their complaint to allege, and by their evidence to prove, a usage intended to be explanatory of the language of appellant's order.

Common terms, however, may, in a particular business or trade, acquire a peculiar and different signification from that generally given to them. It is perfectly well settled that when parties enter into a contract with reference to a particular business or trade they are presumed to have contracted with reference to any usages of that business or trade, and their contracts are to be interpreted consistently with such usage. Peculiar expressions are to be given that meaning which they have acquired in such business by common usage, unless, by the express terms of the contract, the usage is excluded, or is inconsistent with the contract. *Van Camp Packing Co.* v. *Hartman,* 126 Ind. 177, 179; *Lyon* v. *Lenon,* 106 Ind. 567, 572; *Morningstar* v. *Cunningham,* 110 Ind. 328, 334, 59 Am. Rep. 211; *Prather* v. *Ross,* 17 Ind. 495; *Hibler* v. *McCartney,* 31 Ala. 501, 506; *Lowe* v. *Lehman,* 15 Ohio St. 179; *Dwyer* v. *City of Brenham,* 70 Tex. 30, 7 S. W. 598; *Gunther* v. *Atwell,* 19 Md. 157; *First Nat. Bank* v. *Fiske,* 133 Pa. St. 241, 242, 19 Atl. 554, 7 L. R. A. 209, 19 Am. St. 635; 27 Am. & Eng. Ency. Law, 809-815; Clarke's Browne on Usages and Customs, §§41, 42; Lawson, Usages and Customs, §§17, 24; Beach, Contracts, §§581, 747, 758, 1746. It appears from the allegations of said fourth paragraph that said strips were sawed in the green of the dimensions named in said order, and that if they had been delivered at that time they would have been of the proper

size; that the delay in the delivery of said strips was caused by appellant's failure to send to appellees' mill a man to inspect and measure the same at the time they were sawed; that during the time of this delay the strips shrunk so that when delivered they were not of the dimensions named in the order. It is clear, therefore, that the usage is not set up in said paragraph to contradict or nullify the contract, but to explain and show what contract the parties made.

Contracts of the kind here involved may, on their face, seem clear, but in the particular instance, in connection with the business to which they pertain, be ambiguous. Thus, in *Hibler* v. *McCartney, supra,* it was permitted to be explained that the expression "dangers of the river" used in a bill of lading, really by the usage of the business, included also dangers by fire. In *Soutier* v. *Kellerman,* 18 Mo. 509, the contract called for the sale of shingles at a certain price per thousand, a perfectly clear expression ordinarily and abstractly considered; yet it was held competent to show that by the usage of the business two bunches of shingles of certain dimensions, regardless of the number of shingles actually contained in the bunches, constituted a thousand, and that a delivery upon such a basis was within the terms of the contract. In the English case of *Smith* v. *Wilson,* 3 Barn. & Ad. 728, the contract of sale called for 1,000 rabbits, yet the purchaser was permitted to insist upon a delivery of 1,200 rabbits, in virtue of a usage of that trade by which 1,000 rabbits had come to mean 100 dozen, or 1,200 rabbits. So, in a contract for the furnishing and laying of bricks at so much per thousand, it was permitted to be shown that the expression "per thousand" in that business really meant a portion of the completed building, of certain dimensions, without reference to the actual number of bricks therein contained. *Lowe* v. *Lehman,* 15 Ohio St. 179. See, also, *Humphreysville Copper Co.* v. *Vermont Copper, etc., Co.,* 33 Vt. 92; *Dwyer* v. *City of Brenham,* 70 Tex. 30, 7 S. W. 598; *Wilcox* v. *Wood,* 9

Wend. 346; *Gunther* v. *Atwell,* 19 Md. 157; *Lawrence* v. *Gallagher,* 42 N. Y. Super. Ct. 309. In *Walls* v. *Bailey,* 49 N. Y. 464, 10 Am. Rep. 407, a written contract provided that the plastering of a house was to be done at a fixed price per square yard, and it was held competent to show that it was the usage of plasterers in that particular place to measure the full surface of the walls, without deductions for doors, windows, etc.

In *Barton* v. *McKelway,* 22 N. J. L. 165, a contract for the delivery of certain trees from a nursery provided that the trees were to be not less than one foot high. The dispute was as to the measurement, and evidence was held competent of a usage in the trade to measure only to the top of the ripe, hard wood, and not to the top of the tree. See, also, *Hinton* v. *Locke,* 5 Hill (N. Y.) 437; *Wilcox* v. *Wood, supra; Ford* v. *Tirrell,* 9 Gray 401, 69 Am. Dec. 297; *Morningstar* v. *Cunningham,* 110 Ind. 328, 334, 335, 59 Am. Rep. 211.

It is objected that said fourth paragraph does not show that the usage had existed for any considerable length of time. It is not necessary that a usage should have existed from time immemorial, or that it should have existed for any considerable length of time; it is sufficient if it were known to the parties at the time they entered into the contract. Lawson, Usages and Customs, §17; Clark, Contracts, 583, 584; *Morningstar* v. *Cunningham, supra; Chateaugay, etc., Iron Co.* v. *Blake,* 144 U. S. 476, 486, 12 Sup. Ct. 731, 36 L. Ed. 510; *Patterson* v. *Crowther,* 70 Md. 124, 130, 16 Atl. 531; *Thompson* v. *Hamilton,* 12 Pick. 425, 23 Am. Dec. 619. It is directly alleged in said fourth paragraph, "That this custom was well known to both the plaintiffs and said Louis Rastetter & Son," and that the dealings between the parties were had with reference to this custom. It is evident, therefore, that the court did not err in overruling the motion to strike out. For

the same reason said paragraph was sufficient as against appellant's demurrer for want of facts.

In support of his sixth assignment of error, that the court erred in overruling appellant's motion for judgment upon the answers to the interrogatories, notwithstanding the general verdict, it is urged by counsel for appellant that said fourth paragraph, and, indeed, the entire complaint, proceeds upon the theory of an action for goods sold and delivered, while the answers of the jury to the interrogatories submitted by appellant clearly show that appellant's firm never, at any time, accepted the goods in question, that the action for goods sold and delivered can be maintained only by showing an acceptance, and that, upon the familiar principle that the plaintiff must recover upon the theory of his complaint, or not at all, the appellant was entitled to judgment upon the answers to the interrogatories, notwithstanding the general verdict. While there is not a unanimity of judicial opinion upon the question of acceptance of the goods sold in an action such as this, we think the rule established by the better reason is that, in an action for goods sold and delivered, the seller is entitled to recover the contract price if he has delivered the property to the purchaser, or done such acts as vested the title in the purchaser, or would have vested the title in him if he had accepted it. *Dwiggins* v. *Clark,* 94 Ind. 49, 48 Am. Rep. 140; *Pittsburgh, etc., R. Co.* v. *Heck,* 50 Ind. 303, 19 Am. Rep. 713; *Neal* v. *Shewalter,* 5 Ind. App. 147, 153; *Gardner* v. *Caylor,* 24 Ind. App. 521, 526, 527; *Ballentine* v. *Robinson,* 46 Pa. St. 177; Adams, Cases on Sales, 25; *Bement* v. *Smith,* 15 Wend. 493; *Nichols* v. *Morse,* 100 Mass. 523; *Rodman* v. *Guilford,* 112 Mass. 405; *McLean* v. *Richardson,* 127 Mass. 339; *Myer* v. *Tighe,* 151 Mass. 354, 24 N. E. 49; *Smith* v. *Edwards,* 156 Mass. 221, 30 N. E. 1017; *White* v. *Solomon,* 164 Mass. 516, 42 N. E. 104, 30 L. R. A. 537; *New England, etc., Co.* v. *Standard Worsted Co.,* 165 Mass. 328,

43 N. E. 112, 52 Am. St. 516; *Barton* v. *McKelway,* 22 N. J. L. 165; *Fox* v. *Utter,* 6 Wash. 299, 33 Pac. 354; *Schneider* v. *Oregon, etc., R. Co.,* 20 Ore. 172, 25 Pac. 391; *Brigham* v. *Hibbard,* 28 Ore. 386, 43 Pac. 383; *Ozark Lumber Co.* v. *Chicago Lumber Co.,* 51 Mo. App. 555; *Izett* v. *Stetson, etc., Co.,* 22 Wash. 300, 60 Pac. 1128; *Hatch* v. *Oil Co.,* 100 U. S. 124, 134, 135; *Shawhan* v. *Van Nest,* 25 Ohio St. 490, 18 Am. Rep. 313, 15 Am. Law Reg. (N. S.) 153, and note, p. 160 *et seq.; Hening* v. *Powell,* 33 Mo. 468; *Dustan* v. *McAndrew,* 44 N. Y. 72; *White* v. *Harvey,* 85 Me. 212, 27 Atl. 106; Benjamin, Sales (Bennett's 7th ed.), Am. note, 736; Tiedeman, Sales, §112; Usher, Sales, §415; Mechem, Sales, §§757, 1618, 1662.

It is also contended that the usage must have existed throughout the State, while the answers to the interrogatories show that the alleged usage prevailed in northern Indiana only. It is perfectly well settled that commercial usages need not be coextensive with the State. *Harper* v. *Pound,* 10 Ind. 32, 36; *Grant* v. *Lexington, etc., Ins. Co.,* 5 Ind. 23, 61 Am. Dec. 74; *Spears* v. *Ward,* 48 Ind. 541; 545; *Cox* v. *O'Riley,* 4 Ind. 368, 373, 58 Am. Dec. 633; *Morningstar* v. *Cunningham,* 110 Ind. 328, 334, 59 Am. Rep. 211; *Fulton Ins. Co.* v. *Milner, etc., Co.,* 23 Ala. 420, 427, 428. Even the usage of a particular person or firm may enter into and become a part of a contract with such person or firm, if it be known to the other contracting party. *Morningstar* v. *Cunningham, supra; Hursh* v. *North,* 40 Pa. St. 241, 243; *Fulton Ins. Co.* v. *Milner, etc., Co., supra;* Lawson, Usages and Customs, §17; Clark, Contracts, 583, 584.

It is next insisted by appellant that there was no evidence proving that the usage alleged was known to appellant's firm. Several witnesses by their testimony supported the allegations of the fourth paragraph of complaint in regard to the usage among sawmill men and those dealing with them. It

also appears that appellees had sawed and shipped two car loads of rock elm strips on orders from appellant before the one in controversy here; that one car load was shipped to appellant's firm in April, 1895, and the other in July, 1895; that said strips were ordered seven and eight feet long and all were the same thickness and width as in the order in this case. Said strips were, in conformity with said usage, sawed in the green, of the dimensions ordered, and were accepted by appellant's firm. Under these circumstances we can not say that the verdict of the jury was not, as to the question mentioned by appellant, sustained by sufficient evidence.

Appellant complains of the refusal of the court to give the instructions requested by him. Appellant's exception to this action of the court was joint as to all of the instructions so refused, and, under a well settled rule, is not available if any one of said instructions was correctly refused. Ewbank's Manual, §28. As some of said instructions were correctly refused, said exception is not available.

Other objections are urged under the motion for a new trial; but, so far as material, they are founded upon propositions already considered and determined against appellant. Judgment affirmed.